**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4611**

_____

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

WAGNER BARRERA, a/k/a Wagner Mardoqueo Babbera
Najarro, a/k/a Wagner Mardoqueo Barrera
Najarro, a/k/a Wagner M. Barrera Najarro,
a/k/a Wagner M. Barrera, a/k/a Wagner Mondogeo
Barreaa,

                                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Harrisonburg.  Samuel G. Wilson, District
Judge.  (5:07-cr-00003-sgw)

_____

Submitted:  December 19, 2007       Decided:  January 11, 2008

_____

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Larry W. Shelton, Federal Public Defender, Andrea Harris, Assistant
Federal Public Defender, Christine Madeleine Spurell, Research and
Writing Attorney, Charlottesville, Virginia, for Appellant.  Bruce
A. Pagel, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wagner Barrera pled guilty to illegal entry after being previously deported, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2000), and 18 U.S.C. § 2 (2000). He was sentenced to fifty-seven months of imprisonment. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but raising for the court's consideration whether Barrera's constitutional rights were violated because his sentence was increased based on a prior conviction not alleged in the indictment. Barrera was notified of his right to file a pro se supplemental brief, but has not done so. The Government did not file a reply brief. After reviewing the record, we affirm.

Under § 1326(a), an alien who illegally returns to the United States after being removed may be imprisoned for up to two years. 8 U.S.C. § 1326(a). However, § 1326(b)(2) provides that, if the alien's removal was subsequent to an aggravated felony, he faces a maximum prison term of twenty years. 8 U.S.C. § 1326(b)(2). Barrera argues that the district court improperly sentenced him to a term exceeding two years under § 1326(b) because his prior aggravated felony conviction was not charged in the indictment.

Barrera concedes that the Supreme Court ruled in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that

- 2 -

§ 1326(b) is a penalty provision, not an element of the offense, and the aggravated felony conviction need not be charged in the indictment. However, he contends that Almendarez-Torres was called into question by the Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny and should no longer be considered binding precedent. Although Apprendi expressed some uncertainty regarding the future vitality of Almendarez-Torres, we have subsequently concluded that Almendarez-Torres was not overruled by Apprendi, and remains the law. United States v. Sterling, 283 F.3d 216, 220 (4th Cir. 2002); see also United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir. 2005) (reaffirming continuing validity of Almendarez-Torres after United States v. Booker, 543 U.S. 220 (2005)). We therefore conclude that Barrera's claim is without merit.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Barrera's conviction and sentence. This court requires that counsel inform Barrera, in writing, of the right to petition the Supreme Court of the United States for further review. If Barrera requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barrera. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED